KRISTIN L. MARTIN (SBN 206528)
KIMBERLEY C. WEBER (SBN 302894)
McCracken, Stemerman & Holsberry, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Telephone:   (415) 597-7200
Facsimile:   (415) 597-7201
E-mail:      klm@msh.law
             kweber@msh.law

*Attorney for Plaintiff UNITE HERE Local 30*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 30, <br><br> Plaintiff, <br><br> v. <br><br> SYCUAN BAND OF THE KUMEYAAY NATION; DOES 1-100, <br><br> Defendant. | Case No. **'20 CV 1006 JAH MDD** <br><br> **COMPLAINT TO COMPEL ARBITRATION** |

1. This is a petition to compel arbitration brought under a contract between UNITE HERE Local 30 ("Local 30"), a labor union that represents casino employees, and the Sycuan Band of the Kumeyaay Nation ("Sycuan Band"), an Indian tribe that owns and operates the Sycuan Casino Resort. That contract relates to the procedures for organizing the Sycuan Casino Resort employees into a union. The contract requires the Sycuan Band to do the following: (a) give Local 30 a list of employees and their contact information: (b) allow Local 30 access to employee break areas where its representative can talk to employees about organizing a union; (c) permit Local 30 to disseminate information to employees by posting written materials on employee bulletin boards; and (d) refrain from acting in any

way which could be perceived as anti-union.  The Sycuan Band has refused to comply with each of these contractual obligations.

2. The contract provides for arbitration of all disputes arising under the contract, but the Sycuan Band refuses to arbitrate at all.  Accordingly, Local 30 seeks an order compelling arbitration of Local 30's dispute with the Sycuan Band.

**PARTIES**

3. Plaintiff UNITE HERE Local 30 is a labor organization representing employees in industries affecting commerce within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, including in hotels, casinos and food service operations.  Local 30 represents employees in the Southern District of California.

4. Defendant Sycuan Band of the Kumeyaay Nation owns and operates a casino gaming facility under the name Sycuan Casino Resort.  The Sycuan Casino Resort is located in San Diego County, California, which is in the Southern District of California.  The Sycuan Band is an employer within the meaning of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

5. Local 30 is ignorant of the true names and capacities of respondents sued herein as Does 1-100, inclusive, and therefore sues these respondents by such fictitious names.  Local 30 will amend this Complaint to allege their true names and capacities when ascertained.  Local 30 is informed and believed and thereon alleges that each of these fictitiously named respondents is responsible in some manner for the failure of the Sycuan Band to arbitrate as set forth in this Complaint.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. §185, and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. because the Sycuan Band and Local 30 are parties to a contract requiring that disputes under the contract be arbitrated.

7. Venue lies within this judicial district pursuant to Section 301(a) of the Labor Management Relations Act, 29 U.S.C. §185(a), and 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

8. Local 30 is informed and believes and thereupon alleges that no more than 150 people are enrolled members of the Sycuan Band.

9. The Sycuan Band and the United States have not entered into any treaty. No treaty between the Sycuan Band and the United States exempts the Sycuan Band from jurisdiction of the Labor Management Relations Act.

10. Prior to March 20, 2020, the Sycuan Casino Resort was open to the public 24 hours each day and seven days each week. On or about March 20, 2020, the Sycuan Casino Resort closed temporarily due to the Covid-19 pandemic. On about May 20, 2020, the Sycuan Casino Resort reopened to the public, and is again open to the public 24 hours each day and seven days each week.

11. The Sycuan Casino Resort's gaming facilities occupy 60,000 square feet and include at least 2,400 slot machines, more than fifty table games, including various forms of poker and baccarat as well as blackjack, roulette, bingo and craps, and a high-limit lounge. The Sycuan Casino Resort has fourteen food and beverage outlets, including a steakhouse, a poolside outlet, a cocktail lounge, a gourmet taco shop at a Starbucks coffee outlet. The Sycuan Casino Resort has a twelve-story hotel tower has over 300 guest rooms, including fifty suites. Other guest facilities at the Sycuan Casino Resort include three music venues, meeting rooms, a pool and a spa, sauna and salon.

12. Local 30 is informed and believes and thereupon alleges that the Sycuan Casino Resort took in excess of $50 million in gross revenue in 2018 and 2019, and has already taken in, or will take in, more than $50 million in gross revenue in 2020 despite being closed for two months as a result of the Covid-19 pandemic

13. Local 30 is informed and believes and thereupon alleges that the vast majority of the people who patronize the Sycuan Casino Resort are not members of the Sycuan Band or of any other federally-recognized Native American tribe.

14. The vast majority of the people who are employed by the Sycuan Casino Resort are not members of the Sycuan Band or of any other federally-recognized Native American tribe.

15. On about September 10, 1999, the Sycuan Band and the State of California entered into a compact pursuant to the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.*, pertaining to casino gaming by the Sycuan Band. At the time, the Sycuan Band called itself the Sycuan Band of Mission Indians.

16. On about September 2, 2015, the Sycuan Band and the State of California executed an

1  amendment to the compact that they negotiated in 1999 (hereinafter referred to as "Amended
2  Compact").  On about December 23, 2015, a notice was published in the federal register that the United
3  States Secretary of the Interior had approved the Amended Compact and that the Amended Compact
4  took effect on December 23, 2015.  *See* 80 Fed. Reg. 79926 (Dec. 23, 2015).  A true and correct copy
5  of the Amended Compact is available on the California Gambling Control Commission's website at
6  http://www.cgcc.ca.gov/documents/compacts/AMENDED_COMPACTS/Sycuan%20Compact%20201
7  5%20(3).pdf (last visited on May 26, 2020).  The Amended Compact is still in effect.
8         17.    Section 12.10 of the Amended Compact states, "The Gaming Activities authorized by
9  this Compact may only commence after the Sycuan Band has adopted an ordinance identical to the
10 Tribal Labor Relations Ordinance attached hereto as Appendix D, and the Gaming Activities may only
11 continue as long as the Sycuan Band maintains the ordinance."  The Tribal Labor Relations Ordinance
12 ("TLRO") referenced in Section 12.10 is attached to the Amended Compact as Appendix C.  A true and
13 correct copy of the TLRO is attached hereto as Exhibit A.
14        18.    Section 7 of the TLRO requires the Sycuan Band to enter into a contract with a union
15 upon the occurrence of a condition precedent.  Section 7(b) of the TLRO states, in part, "The Tribe
16 agrees that if a union first offers in writing that it and its local affiliates will comply with (b)(1) and
17 (b)(2), the Tribe shall comply with the provisions of (c) and (d)."  Section 7(d) of the TLRO states,
18 "The union's offer in subsection (b) of this Section 7 shall be deemed an offer to accept the entirety of
19 this Ordinance as a bilateral contract between the Tribe and the union, and the Tribe agrees to accept
20 such offer."  The TLRO refers to the union's offer as a "Notice of Intent to Organize".
21        19.    Disputes under a contract created pursuant to Section 7 of the TLRO must be resolved
22 through arbitration.  Section 13(b) of the TLRO states, "The method of binding dispute resolution shall
23 be a resolution by the Tribal Labor Panel, consisting of ten (10) arbitrators appointed by mutual
24 selection of the parties which panel shall serve all tribes that have adopted this ordinance."  Section
25 13(b)(2) of the TLRO states, "One arbitrator from the Tribal Labor Panel will render a binding decision
26 on the dispute under the Ordinance."
27        20.    The American Arbitration Association administers the Tribal Labor Panel and selection
28 of an arbitrator on the Tribal Labor Panel to hear disputes that are presented to the Tribal Labor Panel.

21. The TLRO contains a forum-selection clause that applies to motions to compel arbitration. Section 13(e) of the TLRO states, "Either party may seek a motion to compel arbitration or a motion to confirm or vacate an arbitration award, under this Section 13, in the appropriate state superior court, unless a bilateral contract has been created in accordance with Section 7, in which case either party may proceed in federal court."

22. The TLRO waives the Sycuan Band's sovereign immunity from suit in this case. Section 13(e) of the TLRO states, "The Sycuan Band agrees to a limited waiver of its sovereign immunity for the sole purpose of compelling arbitration or confirming or vacating an arbitration award issued pursuant to the Ordinance in the appropriate state superior court or in federal court."

23. On about November 2, 2019, Local 30 sent Chairman Cody Martinez of the Sycuan Band a Notice of Intent to Organize in accordance with Section 7(b) of the TLRO. Local 30 stated that it would comply with Section 7(b) of the TLRO, and asked the Sycuan Band to comply immediately with Section 7(c)(1) and 7(c)(2) of the TLRO. A true and correct copy of Local 30's Notice of Intent to Organize is attached hereto as Exhibit B.

24. Cody Martinez was the Sycuan Band's Chairman in November 2019, and he is still the Sycuan Band's Chairman. The Chairman is the top elected officer of the Sycuan Band.

25. Section 7(c)(1) of the TLRO requires the Sycuan Band to provide Local 30 with an election eligibility list containing employees' names, addresses, telephone numbers and email addresses. The Sycuan Band has not provided Local 30 with a list of employees' names and contact information.

26. Section 7(c)(2) of the TLRO requires that the Sycuan Band "not act in any way which is or could reasonably be perceived to be anti-union." The Sycuan Band has expressed to employees its opposition to employees organizing a union and unionizing.

27. Section 8(a) of the TLRO requires the Sycuan Band to grant Local 30 access to certain nonwork areas of the Sycuan Casino Resort for the purpose of organizing certain employees referred to as "Eligible Employees." On about November 2, 2019, Local 30 sent Chairman Martinez of the Sycuan Band a letter requesting that the Sycuan Band contact a Local 30 representative to discuss Local 30's visits. A true and correct copy of Local 30's letter regarding Union visits is attached hereto

as Exhibit C.

28. Section 8(d) of the TLRO requires the Sycuan Band "to facilitate the dissemination of information from the Union to Eligible Employees at the tribal casino by allowing posters, leaflets and other written materials to be posted in nonpublic employee break areas where the Tribe already posts announcements pertaining to Eligible Employees." On about November 2, 2019, Local 30 sent Chairman Martinez of the Sycuan Band a letter requesting that the Sycuan Band contact a Local 30 representative to discuss appropriate locations for Local 30's postings. A true and correct copy of Local 30's letter regarding posting is attached hereto as Exhibit D.

29. The Sycuan Band received each of Local 30's three letters dated November 2, 2019 on about November 4, 2019.

30. The Notice of Intent to Organize that Local 30 sent to the Sycuan Band on about November 2, 2019 and the Sycuan Band received on November 4, 2019 created a contract between the Local 30 and the Sycuan Band. The terms of that contract are identical to the terms of the TLRO.

31. By letter dated November 6, 2019, the Sycuan Band's General Counsel responded to Local 30's letters by stating that the Sycuan Band "cannot allow the union access to the restricted areas, to post materials in non-work areas, or access to employees private contact information *until* the union has procured appropriate licenses from the SGC." "SGC" refers to the Sycuan Gaming Commission. A true and correct copy of the Sycuan Band's letter dated November 6, 2019 is attached hereto as Exhibit E.

32. The Sycuan Gaming Commission is an entity created by the Sycuan Band, is an arm or branch of the Sycuan Band, and is responsible for issuing licenses required for entering nonpublic areas of the Sycuan Casino Resort.

33. Local 30's counsel responded to the Sycuan Band's General Counsel by letter dated November 7, 2019, and enclosed with that letter an arbitration award. A true and correct copy of Local 30's letter dated November 7, 2019 and the arbitration award enclosed with it are attached hereto as Exhibit F.

34. The Sycuan Band's General Counsel responded by letter dated November 14, 2019. A true and correct copy of the Sycuan Band's letter dated November 14, 2019 is attached hereto as

COMPLAINT AND PETITION TO COMPEL ARBITRATION                                             CASE NO.

Exhibit G.

35. Local 30's counsel responded to the Sycuan Band's General Counsel by letter dated November 15, 2019. In that letter, Local 30's counsel notified the Sycuan Band's General Counsel that the Sycuan Band had violated the TLRO by limiting the areas in which Sycuan Casino Resort employees are allowed to speak about union matters. A true and correct copy of Local 30's letter dated November 15, 2019 is attached hereto as Exhibit H.

36. On November 15, 2019, Local 30's counsel notified the American Arbitration Association of its dispute with the Sycuan Band and requested a list of five arbitrators who serve on the Tribal Labor Panel, from which Local 30 and the Sycuan Band would select an arbitrator to resolve their dispute. A true and correct copy of Local 30's letter dated November 15, 2019 to the American Arbitration Association is attached hereto as Exhibit I.

37. On about December 3, 2019, the Sycuan Band's General Counsel sent an email message to the American Arbitration Association in which he stated, "Sycuan will not be participating in the Tribal Labor Panel arbitration. It is our position that the TLRO has been preempted by the NLRA and for that reason the Tribe does not recognize the dispute resolution process contained therein, and cannot consent to commencing the process initiated by Unite HERE. We will be sending a more detailed response to legal counsel for the union which, I assume will open a dialogue." A true and correct copy of the Sycuan Band's December 3, 2019 email is attached hereto as Exhibit J.

38. On about December 12, 2019, the Sycuan Band's General Counsel sent Local 30's counsel a letter in which he stated, "By this correspondence, I wish to confirm that the Tribe's legal position is that the TLRO is preempted by the National Labor Relations Act (NLRA) and is therefore null and void; and the Tribe has no obligation to comply with it." A true and correct copy of the Sycuan Band's December 3, 2019 email is attached hereto as Exhibit K.

39. On about January 24, 2020, the Sycuan Gaming Commission sent Local 30 a letter in which it informed Local 30 that it would not license Local 30 or its representatives until Local 30 and the Sycuan Band resolve their dispute. A true and correct copy of the Sycuan Gaming Commission's January 24, 2020 letter is attached hereto as Exhibit L. The Sycuan Gaming Commission send the aforementioned letter because the Sycuan Band directed it not to issue licenses Local 30 and/or Local

30's representatives.

40. To date, the Sycuan Band has not complied with its obligations to Local 30 under the contract between Local 30 and the Sycuan Band that was created on or about November 4, 2019 when the Sycuan Band received Local 30's Notice of Intent to Organize.

## FIRST CAUSE OF ACTION

## Order Compelling Arbitration

41. Local 30 incorporates by reference the allegations contained in Paragraphs 1 to 40 as if fully set forth herein.

42. Local 30 and the Sycuan Band have a dispute about whether the Sycuan Band has a contractual obligation to provide to Local 30 a list of employee names and contact information.

43. Local 30 and the Sycuan Band have a dispute about whether the Sycuan Band has a contractual obligation to refrain from acting in any way which is or could reasonably be perceived to be anti-union.

44. Local 30 and the Sycuan Band have a dispute about whether the Sycuan Band has a contractual obligation to give Local 30 access to nonpublic areas of its facility for the purpose of organizing employees.

45. Local 30 and the Sycuan Band have a dispute about whether the Sycuan Band has a contractual obligation to facilitate the dissemination of information from Local 30 to employees at the Sycuan Casino Resort by allowing posters, leaflets and other written materials to be posted in nonpublic employee break areas.

46. Resolution of the disputes between Local 30 and the Sycuan Band alleged in this Complaint are with the exclusive jurisdiction of an arbitrator on the TLRO's Tribal Labor Panel.

## REQUEST FOR RELIEF

Wherefore, Local 30 prays that this Court:

a. Enter a judgment in Local 30's favor and compel the Sycuan Band to submit to arbitration before an arbitrator selected from the Tribal Labor Panel;

b. Award Local 30 its costs and reasonable attorney's fees expended in bringing this Complaint;

     c.  Award to Local 30 any and all other relief as this Court deems just and proper.

Dated: June 1, 2020                                        Respectfully submitted,

                                              **MCCRACKEN, STEMERMAN & HOLSBERRY, LLP**

                                              By:   */s/ Kristin L. Martin*

                                              KRISTIN L. MARTIN (SBN 206528)
                                              KIMBERLEY C. WEBER (SBN 302894)
                                              McCracken, Stemerman & Holsberry, LLP
                                              595 Market Street, Suite 800
                                              San Francisco, CA 94105
                                              Telephone:     (415) 597-7200
                                              Facsimile:      (415) 597-7201
                                              E-mail:           klm@msh.law
                                                                           kweber@msh.law

                                              *Attorney for Plaintiff UNITE HERE Local 30*

COMPLAINT AND PETITION TO COMPEL ARBITRATION                                                               CASE NO.