VAN ALLYN GOODWIN, Bar No. 095170
vgoodwin@littler.com
CHRISTINA H. HAYES, Bar No. 267153
chayes@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone: 619.232.0441
Facsimile:  619.232.4302

STEVEN G. BIDDLE, AZ Bar No. 012636
*Admitted Pro Hac Vice*
sbiddle@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, Arizona  85016
Telephone: 602.474.3613
Facsimile:  602.926.8884

SCOTT A. WILSON, Bar No. 73187
scott@pepperwilson.com
LAW OFFICES OF SCOTT A. WILSON
433 G Street, Suite 203
San Diego, CA 92101
Telephone: 619.234.9011
Facsimile:  619.234.5854

*(See next page for additional attorneys)*

Attorneys for Defendant
SYCUAN BAND OF THE KUMEYAAY NATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 30,<br><br>Plaintiff,<br><br>v.<br><br>SYCUAN BAND OF THE KUMEYAAY NATION; DOES 1-100,<br><br>Defendants. | Case No. 3:20-CV-01006-W-DEB<br><br>**ANSWER TO COMPLAINT TO COMPEL ARBITRATION, AND DEMAND FOR JURY TRIAL**<br><br>(Honorable Thomas J. Whelan) |

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Case No. 3:20-CV-01006-W-DEB

1  *(Additional Attorneys)*

2  MARK RADOFF, Bar No. 119311
   mradoff@sycuan-nsn.gov
3  General Counsel
   SYCUAN TRIBAL GOVERNMENT LEGAL DEPARTMENT
4  2 Kwaaypaay Court
   El Cajon, CA, 92019
5  Telephone: 619.445.4564
   Facsimile:  619.445.0238
6
   Attorneys for Defendant
7  SYCUAN BAND OF THE KUMEYAAY NATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

2.                                    Case No. 3:20-CV-01006-W-DEB

Defendant SYCUAN BAND OF THE KUMEYAAY NATION ("the Sycuan Band") hereby submits its Answer to the Complaint to Compel Arbitration ("Complaint") filed on June 1, 2020 (Dkt. No. 1) by Plaintiff UNITE HERE LOCAL 30 ("the Union") as follows:

1. Answering the allegations of Paragraph 1, the Sycuan Band admits only that the Union has filed a purported petition to compel arbitration and that it is an Indian tribe that owns and operates the Sycuan Casino Resort. Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 1 of the Complaint.

2. Answering the allegations of Paragraph 2, the Sycuan Band admits only that the Union "seeks an order compelling arbitration." Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. Answering the allegations of Paragraph 3, the Sycuan Band lacks sufficient information to unequivocally admit or deny the factual allegations in Paragraph 3 and, on that basis, denies each and every factual allegation contained in Paragraph 3 of the Complaint.

4. Answering the allegations of Paragraph 4, the Sycuan Band admits that it owns and operates a casino gaming facility under the name Sycuan Casino Resort, and that Sycuan Casino Resort is located in San Diego County, California, which is in the Southern District of California. The remaining allegations in Paragraph 4 are conclusions of law and legal principles asserted by the Union and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

5. Answering the allegations of Paragraph 5, the Sycuan Band is not required to admit or deny the legal allegations contained therein, as the allegations are conclusions of law and legal principles asserted by the Union and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

3.   Case No. 3:20-CV-01006-W-DEB

To the extent Paragraph 5 contains factual allegations specific to the Sycuan Band, the Sycuan Band denies each and every allegation therein. To the extent the remainder of Paragraph 5 contains factual allegations related to other entities, the Sycuan Band lacks sufficient information to unequivocally admit or deny such allegations and, on that basis, denies each and every factual allegation contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Answering the allegations of Paragraph 6, the Sycuan Band is not required to admit or deny the legal allegations contained therein, as the allegations are conclusions of law and legal principles asserted by the Union and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent a response is required, the Sycuan Band admits only that this Court has jurisdiction over the claims alleged in the Union's Complaint. Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 6 of the Complaint, including the allegation that the Sycuan Band and the Union are parties to a contract requiring that disputes under the contract be arbitrated.

7. Answering the allegations of Paragraph 7, the Sycuan Band is not required to admit or deny the legal allegations contained therein, as the allegations are conclusions of law and legal principles asserted by the Union and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. To the extent a response is required, the Sycuan Band admits only that venue is proper within this judicial district. Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 7 of the Complaint.

## GENERAL ALLEGATIONS

8. Answering the allegations of Paragraph 8, the Sycuan Band admits the allegations contained in Paragraph 8 of the Complaint, but asks the Court to strike the allegations because they are completely irrelevant to the Union's Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

4.

Case No. 3:20-CV-01006-W-DEB

9. Answering the allegations of Paragraph 9, the Sycuan Band admits that it has not entered into any treaty with the United States but, instead, the Sycuan Reservation was formed by an Executive Order in 1875. The remaining allegations in Paragraph 9 are conclusions of law and legal principles asserted by the Union and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

10. Answering the allegations of Paragraph 10, the Sycuan Band admits the allegations contained in Paragraph 10 of the Complaint, but asks the Court to strike the allegations because they are completely irrelevant to the Union's Complaint.

11. Answering the allegations of Paragraph 11, the Sycuan Band admits the allegations contained in Paragraph 11 of the Complaint, but asks the Court to strike the allegations because they are completely irrelevant to the Union's Complaint.

12. Answering the allegations of Paragraph 12, the Sycuan Band admits the allegations contained in Paragraph 12 of the Complaint, but asks the Court to strike the allegations because they are completely irrelevant to the Union's Complaint.

13. Answering the allegations of Paragraph 13, the Sycuan Band lacks sufficient information to unequivocally admit or deny the factual allegations in Paragraph 13 and, on that basis, denies each and every factual allegation contained in Paragraph 13 of the Complaint. Additionally, because the allegations contained in Paragraph 13 are completely irrelevant to the Union's Complaint, the Sycuan Band asks the Court to strike the allegations.

14. Answering the allegations of Paragraph 14, the Sycuan Band admits the allegations contained in Paragraph 14 of the Complaint, but asks the Court to strike the allegations because they are completely irrelevant to the Union's Complaint.

15. Answering the allegations of Paragraph 15, the Sycuan Band admits the allegations contained in Paragraph 15 of the Complaint.

16. Answering the allegations of Paragraph 16, the Sycuan Band admits the allegations contained in Paragraph 16 of the Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

5.

Case No. 3:20-CV-01006-W-DEB

17. Answering the allegations of Paragraph 17, the Sycuan Band admits the allegations contained in Paragraph 17 of the Complaint.

18. Answering the allegations of Paragraph 18, the Sycuan Band admits that Section 7(b) of the Tribal Labor Relations Ordinance ("TLRO") states, in part, "The Tribe agrees that if a union first offers in writing that it and its local affiliates will comply with (b)(1) and (b)(2), the Tribe shall comply with the provisions of (c) and (d)." The Sycuan Band further admits that Section 7(d) of the TLRO states, in part, "The union's offer in subsection (b) of this Section 7 shall be deemed an offer to accept the entirety of this Ordinance as a bilateral contract between the Tribe and the union, and the Tribe agrees to accept such offer." Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 18 of the Complaint including that it is "required" to "enter into a contract with a union upon the occurrence of a condition precedent."

19. Answering the allegations of Paragraph 19, the Sycuan Band admits that Section 13(b) of the TLRO states, in part, "The method of binding dispute resolution shall be a resolution by the Tribal Labor Panel, consisting of ten (10) arbitrators appointed by mutual selection of the parties which panel shall serve all tribes that have adopted this ordinance." The Sycuan Band also admits that if a bilateral contract has been legally formed or created, then the method specified in Section 13(e) of the TLRO could apply, including whether the arbitration exceeds the authority of the Tribal Labor Panel. Here, the decision to preempt the TLRO is beyond the Labor Panel's authority, and is admitted by the Sycuan Band. The Sycuan Band further admits that Section 13(b)(2) of the TLRO states, in part, "One arbitrator from the Tribal Labor Panel will render a binding decision on the dispute under the Ordinance." Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 19 of the Complaint including that it is required to resolve disputes under the TLRO through arbitration.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

6.   Case No. 3:20-CV-01006-W-DEB

20. Answering the allegations of Paragraph 20, the Sycuan Band denies the allegations contained in Paragraph 20 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the federal National Labor Relations Act ("NLRA") will control.

21. Answering the allegations of Paragraph 21, the Sycuan Band admits that Section 13(e) of the TLRO states, in part, "Either party may seek a motion to compel arbitration or a motion to confirm or vacate an arbitration award, under this Section 13, in the appropriate state superior court, unless a bilateral contract has been created in accordance with Section 7, in which case either party may proceed in federal court." Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 21 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

22. Answering the allegations of Paragraph 22, the Sycuan Band denies that Section 13(e) of the TLRO mentions the Sycuan Band by name, but admits that Section 13(e) of the TLRO states, in part, "The [Tribe] agrees to a limited waiver of its sovereign immunity for the sole purpose of compelling arbitration or confirming or vacating an arbitration award issued pursuant to the Ordinance in the appropriate state superior court or in federal court." Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 22 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

23. Answering the allegations of Paragraph 23, the Sycuan Band responds that the letter referenced in Paragraph 23 of the Complaint speaks for itself. To the extent a further response is required, the Sycuan Band admits that on or about November 2, 2019, the Union sent Chairman Cody Martinez of the Sycuan Band a Notice of Intent to Organize, a copy of which is attached as Exhibit B to the Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

7.

Case No. 3:20-CV-01006-W-DEB

1    24.	Answering the allegations of Paragraph 24, the Sycuan Band admits the allegations contained in Paragraph 24 of the Complaint.

25.	Answering the allegations of Paragraph 25, the Sycuan Band admits that it has not provided the Union with a list of employees' names and contact information, but denies it is required to do so.  Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 25 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

26.	Answering the allegations of Paragraph 26, the Sycuan Band denies the allegations contained in Paragraph 26 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

27.	Answering the allegations of Paragraph 27, the Sycuan Band responds that the letter referenced in Paragraph 27 of the Complaint speaks for itself.  To the extent a further response is required, the Sycuan Band admits that on or about November 2, 2019, the Union sent Chairman Martinez of the Sycuan Band a letter regarding union access to the Casino, a copy of which is attached as Exhibit C to the Complaint.  Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 27 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

28.	Answering the allegations of Paragraph 28, the Sycuan Band responds that the letter referenced in Paragraph 28 of the Complaint speaks for itself.  To the extent a further response is required, the Sycuan Band admits that on or about November 2, 2019, the Union sent Chairman Martinez of the Sycuan Band a letter regarding the posting of union information, a copy of which is attached as Exhibit D to the Complaint.  Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 28 of the Complaint, including that it is subject to the provisions

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

8.　　　　　　　　　　　Case No. 3:20-CV-01006-W-DEB

of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

29. Answering the allegations of Paragraph 29, the Sycuan Band admits the allegations contained in Paragraph 29 of the Complaint.

30. Answering the allegations of Paragraph 30, the Sycuan Band denies the allegations contained in Paragraph 30 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

31. Answering the allegations of Paragraph 31, the Sycuan Band responds that the letter referenced in Paragraph 31 of the Complaint speaks for itself. To the extent a further response is required, the Sycuan Band admits that its General Counsel sent a letter to the Union, dated November 6, 2019, a copy of which is attached as Exhibit E to the Complaint, but denies it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

32. Answering the allegations of Paragraph 32, the Sycuan Band admits that the Sycuan Gaming Commission (SGC) was formed by the Tribe, but denies that it is an "arm" of the Tribe to the extent that the SGC is an independent, functionally separate regulatory agency but, otherwise, the Sycuan Band admits the allegations contained in Paragraph 32 of the Complaint.

33. Answering the allegations of Paragraph 33, the Sycuan Band admits the allegations contained in Paragraph 33 of the Complaint.

34. Answering the allegations of Paragraph 34, the Sycuan Band admits the allegations contained in Paragraph 34 of the Complaint.

35. Answering the allegations of Paragraph 35, the Sycuan Band responds that the letter referenced in Paragraph 35 of the Complaint speaks for itself. To the extent a further response is required, the Sycuan Band admits that the Union's counsel sent a letter to the Sycuan Band's General Counsel dated November 15, 2019, a copy of which

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

9.                                                 Case No. 3:20-CV-01006-W-DEB

is attached as Exhibit H to the Complaint. Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 35 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

36. Answering the allegations of Paragraph 36, the Sycuan Band responds that the letter referenced in Paragraph 36 of the Complaint speaks for itself. To the extent a further response is required, the Sycuan Band admits that on or about November 15, 2019, the Union's counsel sent a letter to the American Arbitration Association claiming it had a dispute with the Sycuan Band and requesting a panel of five arbitrators on the Tribal Labor Panel from which an arbitrator may be chosen. The Sycuan Band further admits that a copy of the letter referenced in Paragraph 36 of the Complaint is attached as Exhibit I to the Complaint. Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 36 of the Complaint, including that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

37. Answering the allegations of Paragraph 37, the Sycuan Band responds that the email referenced in Paragraph 37 of the Complaint speaks for itself. To the extent a further response is required, the Sycuan Band admits the allegations contained in Paragraph 37 of the Complaint.

38. Answering the allegations of Paragraph 38, the Sycuan Band responds that the letter referenced in Paragraph 38 of the Complaint speaks for itself. To the extent a further response is required, the Sycuan Band admits the allegations contained in Paragraph 38 of the Complaint.

39. Answering the allegations of Paragraph 39, the Sycuan Band responds that the letter referenced in Paragraph 39 of the Complaint speaks for itself. To the extent a further response is required, the Sycuan Band admits that on or about January 24, 2020, the Sycuan Gaming Commission sent the Union a letter, a copy of which is attached as

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

10.   Case No. 3:20-CV-01006-W-DEB

Exhibit L to the Complaint. Except as so expressly admitted, the Sycuan Band denies all the other allegations contained in Paragraph 39 of the Complaint.

40. Answering the allegations of Paragraph 40, the Sycuan Band denies the allegations contained in Paragraph 40 of the Complaint. The Sycuan Band specifically denies that it has any obligations to the Union, that a contract exists between the Sycuan Band and the Union, or that it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

## FIRST CAUSE OF ACTION
## Order Compelling Arbitration

41. Answering the allegations of Paragraph 41, the Sycuan Band incorporates by reference each of its responses in paragraphs 1-40 above as if fully set forth herein.

42. Answering the allegations of Paragraph 42, the Sycuan Band denies there is an actionable dispute between the parties concerning the allegations in 42 of the Complaint, and specifically denies it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

43. Answering the allegations of Paragraph 43, the Sycuan Band denies there is an actionable dispute between the parties concerning the allegations in 43 of the Complaint, and specifically denies it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

44. Answering the allegations of Paragraph 44, the Sycuan Band denies there is an actionable dispute between the parties concerning the allegations in 44 of the Complaint, and specifically denies it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

45. Answering the allegations of Paragraph 45, the Sycuan Band denies there is an actionable dispute between the parties concerning the allegations in 45 of the Complaint, and specifically denies it is subject to the provisions of the TLRO unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

46. Answering the allegations of Paragraph 46, the Sycuan Band denies the allegations contained in Paragraph 46 of the Complaint unless federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

47. The Sycuan Band denies any and all allegations made in the Complaint that it has not expressly admitted herein.

## REQUEST FOR RELIEF

In response to the Union's Request for Relief in the Complaint, to the extent that an answer to those allegations is required, the Sycuan Band denies that the Union is entitled to any type of relief whatsoever.

## AFFIRMATIVE DEFENSES

The Sycuan Band further asserts the following affirmative defenses to the Complaint. By asserting these defenses, the Sycuan Band does not concede it has the burden of production or proof as to any affirmative defense asserted below. The Sycuan Band will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Sycuan Band alleges that the Complaint and claim for relief set forth therein fail to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Sycuan Band alleges that the Complaint is barred by the doctrines of waiver, estoppel, consent, and unclean hands.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

12.

Case No. 3:20-CV-01006-W-DEB

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Sycuan Band alleges that the Complaint is barred because the purported Tribal Labor Relations Ordinance, including any arbitration provisions contained therein, are preempted by the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*, and, therefore, is unenforceable where such provisions conflict with the NLRA.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Sycuan Band alleges that it did not voluntarily and with mutual consent enter into an agreement with the Union to arbitrate the disputes at issue, the facts do not support a finding that the arbitration provisions in the TLRO are valid and enforceable, and federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Sycuan Band alleges that a contract between the Union and the Sycuan Band does not exist because Section 7 of the TLRO lacks sufficiently definite terms rendering it void and unenforceable, there is a failure of contract consideration, and federal law applies to the TLRO and, where inconsistent with the TLRO, the NLRA will control.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Sycuan Band alleges that a contract between the Sycuan Band and the Union does not exist because Section 7 of the TLRO requires future assent to be enforceable and thus constitutes an "agreement to agree" that does not give rise to any legal obligations.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, the Sycuan Band alleges that the purported arbitration agreement is unenforceable on the grounds that it is procedurally unconscionable and pervasively substantively unconscionable.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the Sycuan Band alleges that the Complaint is barred because the Union lacks standing.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the Sycuan Band alleges that the Union has failed to state a claim for which attorneys' fees may be recovered.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the Sycuan Band alleges that the Complaint and each cause of action alleged therein is barred by the applicable statute of limitations as set forth in Section 10(b) of the National Labor Relations Act [29 U.S.C. § 160(b)].

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the Sycuan Band alleges that the Tribe has not waived its sovereign immunity from suit with respect to Plaintiff, and expressly asserts such immunity, which consequently serves as a bar to the exercise of jurisdiction.

**TWELTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, the Sycuan Band alleges that the relief requested by Plaintiff exceeds the authority of the Tribal Labor Panel where federal preemption applies and the Panel is called upon to address its own validity under the preempted TLRO.

**ADDITIONAL AFFIRMATIVE DEFENSES**

The Sycuan Band does not presently know all facts sufficient to state all affirmative defenses at this time. The Sycuan Band expressly reserves the right to amend its Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

14.   Case No. 3:20-CV-01006-W-DEB

## PRAYER FOR RELIEF

**WHEREFORE**, the Sycuan Band requests that this Court:

    A)    Dismiss the Union's Complaint in its entirety, with prejudice;

    B)    Deny the Union any requested or any other relief;

    C)    Award the Sycuan Band its reasonable attorneys' fees and costs expended herein to the extent permitted under applicable law; and

    D)    Award the Sycuan Band any and all other and further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Because the making of a written arbitration agreement is disputed by the Sycuan Band and, therefore, is in issue, the Sycuan Band demands a trial/jury trial on such issue in accordance with Section 4 of the Federal Arbitration Act (9 U.S.C. § 4) in the manner provided by the Federal Rules of Civil Procedure.

Dated:  July 30, 2020.

    LITTLER MENDELSON, P.C.

By: *s/ Steven G. Biddle*
VAN ALLYN GOODWIN
vgoodwin@littler.com
CHRISTINA H. HAYES
chayes@littler.com
STEVEN G. BIDDLE
sbiddle@littler.com

Attorneys for Defendant
SYCUAN BAND OF THE KUMEYAAY NATION

1  I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 30th day of July, 2020, to:

KRISTIN L. MARTIN
klm@msh.law
KIMBERLY C. WEBER
kweber@msh.law
McCracken, Stemerman & Holsberry, LLP
595 Market Street, Suite 800
San Francisco, CA 94105
Attorneys for Plaintiff
UNITE HERE LOCAL 30

*s/ Tisha A. Davis*

4853-1306-8737.3 105805.1001

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

16.   Case No. 3:20-CV-01006-W-DEB