UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 30,<br><br>                        Plaintiff,<br><br>v.<br><br>SYCUAN BAND OF THE KUMEYAAY NATION; and DOES 1-100,<br><br>                       Defendants. | Case No.:  20-cv-01006 W (DEB)<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION TO DISMISS THE COUNTERCLAIM [DOC. 18]; AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 20.]** |

     Pending before this Court are Plaintiff UNITE HERE Local 30's ("the Union") motion to dismiss Defendant Sycuan Band of Kumeyaay Nation's ("the Tribe") counterclaim for declaratory relief [Doc. 18] and motion for judgment on the pleadings [Doc. 20].  The Tribe opposes both motions.  [Docs. 27, 28.]  The Court decides the matters without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons that follow, the Union's motions are hereby **GRANTED**.

## I. BACKGROUND

The Tribe owns and operates the Sycuan Casino Resort. (*Complaint to Compel Arbitration ("Compl.")* [Doc. 1] ¶ 4. The Union is a labor organization seeking to represent the Sycuan Casino Resort employees. (*Id.* ¶¶ 1, 3.)

Pursuant to the Indian Gaming Regulatory Act ("IGRA"), the Tribe entered into a Compact with the State of California regarding where and how it will operate its casino. (*Id.* ¶ 15.) Section 12.10 of the Compact requires the Tribe to adopt and maintain a Tribal Labor Relations Ordinance ("TLRO") in order for gaming activities to continue. (*Id.* ¶¶16-17; *Answer* [Doc. 9] ¶¶ 16-17.)[1] The TLRO sets out procedures for organizing casino employees into a union.

The TLRO requires the Tribe to enter into a contract with a union if certain conditions are met. Section 7 states:

> The Tribe agrees that if a union first offers in writing that it and its local affiliates will comply with (b)(1) and (b)(2), the Tribe shall comply with the provisions of (c) and (d) . . . . The union's offer in subsection (b) of this Section 7 shall be deemed an offer to accept the entirety of this Ordinance as a bilateral contract between the Tribe and the union, and the Tribe agrees to accept such offer.

(*Answer* ¶ 18.)

The Union alleges that it has a contract with the tribe because it made a Section 7 offer to the Tribe by delivering a letter to the Tribe's top elected official and the TLRO contains the Tribe's automatic acceptance of such an offer. (*Compl.* ¶¶ 23-24, 29; Ex. B [Doc. 1-2]; *Answer* ¶¶ 23-24, 29. The TLRO's dispute-resolution procedure is arbitration. (*Compact* [Ex. A, Doc. 1-2] Appx. C, § 13(a)-(b).)

The Tribe denies that it has entered into a contract with the Union. (*Answer* ¶¶ 6, 30, 40.) In response to the Union's demand for arbitration, the Tribe declared that "[it]'s legal position is that the TLRO is preempted by the National Labor Relations Act

---

[1] The TLRO is attached as Exhibit A to the Complaint.

(NLRA) and is therefore null and void; and the Tribe has no obligation to comply with it." (*Compl.* ¶ 38; *Answer* ¶ 38.)

On June 1, 2020, the Union filed its Complaint seeking an order compelling arbitration. (*Compl*. ¶¶ 41-46.)  The Tribe timely filed both an Answer and a Counterclaim.  The counterclaim seeks a declaratory judgment stating that federal law preempts and invalidates California's requirement that the Tribe enter into a contract with the Union.  (*Counterclaim* [Doc. 10] ¶ 67.)[2]

Now before the Court are the Union's motion to dismiss the counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7), and its subsequent motion for judgment on the pleadings.

## II.   LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

---

[2] The Answer also asserts preemption as an affirmative defense.  (*Answer* 13:1-6.)

A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

### III. DISCUSSION

The necessary facts for contract formation are undisputed. The Tribe admits it adopted the TLRO and continues to maintain it. (*See Tribe's Opposition to Motion to Dismiss ("Oppo. to MTD")* [Doc. 28] 1:9-11 (stating that the Tribe has "continuously maintained" the TLRO).) The Tribe admits the text of the TLRO. (*Compl.* ¶¶ 17-18; *Answer* ¶¶ 17-18.) The Tribe admits it received the Union's offer described by Section 7 of the TLRO. (*Compl.* ¶¶ 23-24, 29; *Answer* ¶¶ 23-24, 29.) Thus, a contract was formed in which the Tribe and the Union agreed to comply with the TLRO's terms.

The Tribe's arguments that it never agreed to arbitrate the issue of preemption and retained its sovereign immunity to suit run counter to established precedent and the plain text of the TLRO. Section 13(e) of the TLRO provides:

> The Tribe agrees to a limited waiver of its sovereign immunity for the sole purpose of compelling arbitration or confirming or vacating an arbitration award issued pursuant to the Ordinance in the appropriate state superior court or in federal court.

The breadth of the arbitration provision is similarly clear, providing that "[a]l issues shall be resolved exclusively through the binding dispute resolution mechanisms herein." There is a presumption in favor of arbitrability and unless the party contesting arbitrability demonstrates the language of the agreement specifically excludes a particular matter, "all of the questions on which the parties disagree must therefore come within the

scope of the grievance and arbitration provisions of the collective agreement." Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 581 (1960).

Having determined the formation of a contract, the Court declines to exercise supplemental jurisdiction over the Tribe's counterclaim, which requests a declaration that the contract is void due to preemption of the TLRO by the NLRA.  Doing so would interfere with the arbitrator's authority under Buckeye Check Cashing.  See 28 U.S.C. § 1367(c)(4) (In exceptional circumstances, courts may decline to exercise supplemental jurisdiction over a claim if "there are compelling reasons for declining jurisdiction.")  In a challenge involving a contract with an arbitration clause, the issue of a contract's validity as a whole is to be considered by the arbitrator, not the court.  Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 446 (2006).

### IV.  CONCLUSION & ORDER

Based on the foregoing, the court **GRANTS** the motion to dismiss [Doc. 18] and the motion for judgment on the pleadings [Doc. 20].

**IT IS SO ORDERED.**

Dated:  December 10, 2020

Hon. Thomas J. Whelan
United States District Judge