UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE LOCAL 30,<br><br>    Plaintiff,<br><br>v.<br><br>SYCUAN BAND OF THE KUMEYAAY NATION; and DOES 1-100,<br><br>    Defendants. | Case No.:  20-cv-01006 W (DEB)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR STAY [DOCS. 41, 45]** |

Before the Court is Defendant Sycuan Band of Kumeyaay Nation's ("the Tribe's") Amended Motion to Stay this Court's order to arbitrate.  [Doc. 45.]  Plaintiff UNITE HERE Local 30 ("the Union") opposes the motion to stay.

The Court decides the matters without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons that follow, the Court **DENIES** the Tribe's Amended Motion to Stay [Doc. 45] and **DENIES AS MOOT** the original Motion to Stay [Doc. 41].

## I. BACKGROUND

The Tribe owns and operates the Sycuan Casino Resort. (*Complaint to Compel Arbitration ("Compl.")* [Doc. 1] ¶ 4. The Union is a labor organization seeking to represent the Sycuan Casino Resort employees. (*Id.* ¶¶ 1, 3.)

On June 1, 2020, the Union filed its Complaint seeking an order compelling arbitration. (*Compl*. ¶¶ 41-46.) The Tribe timely filed both an Answer and a Counterclaim for a declaratory judgment stating that federal law preempts and invalidates California's requirement that the Tribe enter into a contract with the Union. (*Counterclaim* [Doc. 10] ¶ 67.)

On September 2, 2020, the Union moved to dismiss the counterclaim [Doc. 18] and on September 15, 2020, moved for judgment on the pleadings [Doc. 20].

On December 10, 2020, this Court found that a contract with a broad arbitration provision existed between the Tribe and the Union and ordered them to arbitrate. [Doc. 34.] The Court also denied the Tribe's declaratory judgment claim because, in a dispute involving a contract with an arbitration clause, whether a contract is valid as a whole is to be decided by the arbitrator, not the court.

On January 8, 2021, the Tribe filed an appeal to the Ninth Circuit [Doc. 40] and moved to stay the Court's order to arbitrate [Doc. 41]. On January 11, 2021, the Tribe refiled the operative motion to stay with an updated hearing date [Doc. 45]. The Union opposes, arguing that a stay order is subject to the limitations imposed by the Norris-LaGuardia Act, 29 U.S.C. §§ 101–115.

## II. DISCUSSION

The Norris–LaGuardia Act states:

> No court of the United States, as defined in this chapter, shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of this chapter; nor shall any such

>restraining order or temporary or permanent injunction be issued contrary to the public policy declared in this chapter.

29 U.S.C. § 101.  Courts have defined a "labor dispute" extraordinarily broadly. Camping Const. Co. v. Dist. Council of Iron Workers, 915 F.2d 1333, 1342 (9th Cir. 1990) (finding that there was "absolutely no doubt" that a dispute between a union and employer over the enforceability of an agreement to arbitrate is a labor dispute).  "[A]n order staying arbitration is a 'classic form of injunction.'"  Id. at 1343 (quoting A. & E. Plastik Pak Co., Inc. v. Monsanto Co., 396 F.2d 710, 713 (9th Cir. 1968)).

The Tribe argues the Norris-LaGuardia Act is inapplicable to this controversy for two reasons.  First, the Tribe argues that *Camping Construction* is inapposite to this case because here the Tribe contends that there is no existing collective-bargaining agreement at all and that the Norris-LaGuardia Act does not apply as a result. The Tribe is incorrect on both fronts.  Not only was there "a dispute over the existence of a collective-bargaining agreement" in *Camping Construction*, but the panel explicitly proclaimed that "[t]he Norris–LaGuardia Act is made applicable by virtue of the existence of a *labor dispute*, not the existence of an arbitrable dispute or, indeed, even of a collective-bargaining agreement." Id. at 1346–47 (emphasis in original).  The panel explained why:

>Perhaps the central application of the Act during its early years was to protect strikes called in order to pressure employers to enter into collective bargaining with a union. The Act would scarcely have been such a milestone in the development of federal labor law if it had applied only where a collective-bargaining agreement already existed. Camping's suggestion that the Act does not apply when the existence of the collective-bargaining agreement is in doubt is simply indefensible in light of the fact that, historically, one of the principal purposes of the Act was to preclude injunctions where there was *clearly* no collective-bargaining agreement at all.

Id. at 1374 (emphasis in original).

Second, the Tribe argues the Court has jurisdiction to grant the motion to stay because the actual controversy did not grow out of a "labor dispute" as defined by the Norris–LaGuardia Act.  The Tribe contends this is not a dispute affecting the employer-

employee relationship, but rather over which law applies, and "does not involve the traditional labor activity the [Norris–LaGuardia Act] was intended to protect, such as 'lawful strikes, peaceful picketing and union organizing.'" Section 113(c) of the Act defines a "labor dispute" as "any controversy . . . concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." 29 U.S.C. § 113(c). As mentioned above, the Supreme Court's jurisprudence has consistently emphasized both the broadness of the phrase "involving or growing out of a labor dispute," and the strong federal policy in favor of labor arbitration. See Camping Const., 915 F.2d at 1342. The Tribe's contention that the Act only protects "traditional labor activity" such as the right to strike but not the right to arbitrate is incompatible with modern labor law's encouragement of less disruptive methods of dispute resolution. The Supreme Court has stated that "the Norris–LaGuardia Act does, indeed, indicate a congressional policy toward settlement of labor disputes by arbitration, for it *denies injunctive relief* to any person who has failed to make 'every reasonable effort' to settle the dispute by negotiation, mediation, or 'voluntary arbitration.'" Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 458 (1957) (emphasis added). The language of the Norris-LaGuardia Act, and cases interpreting it, make clear that a dispute between a union and employer over the enforceability of an agreement to arbitrate is a labor dispute as defined by the Act and that an order staying arbitration is a type of injunctive relief barred by the Act.

Next, the Court must confirm no statutory or judicial exception applies. A statutory exception exists under sections 107, 108, and 109 if "substantial and irreparable injury to complainant's property will follow" if a stay is not granted and that the complainant made "every reasonable effort to settle such dispute either by negotiation or with the aid of any available governmental machinery of mediation or voluntary arbitration." 29 U.S.C. §§ 107–09. This standard is not met here. The risk of

unnecessarily undergoing arbitration proceedings does not constitute irreparable injury. Camping Const., 915 F.2d at 1349.  "[T]he general unavailability of injunctions against labor arbitrations properly reflects the fact that parties reluctant to arbitrate are not, as a general rule, unduly prejudiced by the deferral of federal jurisdiction." Id. at 1348.  Nor did the Tribe make "every reasonable effort" to settle this dispute by negotiation or voluntary arbitration.

There are three narrow judicial exceptions to the Act's jurisdiction-removing provisions.  First, "it has long been settled that federal courts have jurisdiction, in spite of the Norris–LaGuardia Act, to compel a recalcitrant employer to honor its agreement to arbitrate." Camping Const., 915 F.2d at 1343.  Second, "when a union refuses to honor its contractual commitment to arbitrate and instead calls a strike, a federal court may grant a prohibitory injunction against the strike, as long as the dispute underlying the strike is arbitrable." Id.  Third, "Norris–LaGuardia does not prevent courts from issuing injunctions to enforce positive duties imposed by other federal labor statutes." Id. at 1344.  None of these exceptions exist here.  The Norris–LaGuardia Act bars the Court from issuing the stay the Tribe seeks.

### III. CONCLUSION & ORDER

Based on the foregoing, the Tribe's Amended Motion to Stay this Court's order to arbitrate is **DENIED** [Doc. 45].  The original motion is **DENIED AS MOOT** [Doc. 41].

**IT IS SO ORDERED.**

Dated: February 16, 2021

Hon. Thomas J. Whelan
United States District Judge